**In re GILCHRIST MACHINERY COMPANY, INC.**

**GILCHRIST MACHINERY COMPANY, INC., Plaintiff,**

v.

**Fred A. ROSS, Jr., Defendant/Third Party Plaintiff,**

v.

**UNITED STATES FIDELITY & GUARANTY COMPANY, Reliance Insurance Company, and A. Spencer Gilbert, III, Third Party Defendant/Third Party Plaintiff,**

v.

**Robert A. GILCHRIST, Third Party Defendant.**

**Bankruptcy No. 8602219 JC. Adv. No. 880128.**

United States Bankruptcy Court, S.D. Mississippi.

Sept. 15, 1989.

Luke Dove, Jackson, Miss., for Gilchrist Machinery Co.

William A. Gowan, Jr., Jackson, Miss., for Robert A. Gilchrist.

Stephen L. Beach, III, Beach, Luckett and Ross, Jackson, Miss., for Fred A. Ross, Jr.

William F. Blair, Ott and Purdy, Jackson, Miss., for U.S. Fidelity & Guar. Co. and Reliance Ins. Co.

Kenneth Barton and Tommy Williams, Butler, Snow, O'Mara, Stevens and Cannada, Jackson, Miss., for A. Spencer Gilbert, III.

## OPINION

DAVID W. HOUSTON, III,
Bankruptcy Judge.

Before the Court for consideration is the motion for summary judgment filed by the defendant/third party plaintiff, Fred A. Ross, Jr., hereinafter referred to as Ross; response to said motion having been filed by the plaintiff, Gilchrist Machinery Company, Inc., hereinafter referred to as Gilchrist Machinery; all factual matters and exhibits having been presented to the Court by stipulation; the parties having submitted appropriate memoranda of law; and the Court having reviewed and considered same, hereby finds as follows, to-wit:

### I.

The Court has jurisdiction of the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(F).

### II.

CHRONOLOGY OF EVENTS

All pertinent factual matters and documentary exhibits supporting same have been presented to the Court by agreed stipulations. As such, there are no material factual issues in dispute and the following chronology of events is reflective of the said factual stipulations and the supporting documentary exhibits.

1. On February 6, 1985, an escrow agreement was executed between Gilchrist Machinery Company, Inc., Fred A. Ross, Jr., and the law firm of Gilbert and Powell, the escrow agent. Pursuant to the agreement, the sum of $82,460.66 was deposited by Gilchrist Machinery into an escrow or trust account maintained by Gilbert and Powell.

Ross had previously represented Gilchrist Machinery in a lawsuit against Komatsu America Corporation which had been settled on or about January 24, 1985. A dispute had arisen between Gilchrist Machinery and Ross as to the amount of attorney's fees and expenses that should be paid to Ross, so the escrow fund was established from a part of the settlement proceeds pending the resolution of the dispute.

The agreement provided that the escrow agent's only duty under the agreement after the funds had been received and deposited was to disburse the contested amount plus any accrued interest as instructed in writing by both Gilchrist Machinery and Ross, or as ordered by a court of competent jurisdiction.

2. Shortly after the execution of the escrow agreement, Ross filed suit against Gilchrist Machinery in the Chancery Court of the First Judicial District of Hinds County, Mississippi, hereinafter Chancery Court, under Cause No. 126,598. Essentially, the lawsuit was initiated to resolve the dispute between Ross and Gilchrist Machinery concerning the attorney's fees and expenses.

3. On March 26, 1985, Gilchrist Machinery, through its attorney Gilbert, filed a motion to release the escrow account noted hereinabove. In the motion, Gilbert al-

leged that Ross had no direct claim against the funds, as well as, that he would suffer no injury by the release of the funds. On April 15, 1985, an order was entered in the Chancery Court releasing the escrow account conditioned on a bond being posted by United States Fidelity and Guaranty Company, hereinafter USF & G. Prior to posting the bond, however, USF & G obtained from Gilchrist Machinery and its corporate president, Robert A. Gilchrist, an application for a judicial bond dated April 18, 1985. Under the terms of the application for the judicial bond, Gilchrist Machinery and Robert A. Gilchrist agreed to indemnify and hold USF & G harmless from any liabilities, losses, charges, suits, damages, counsel fees and expenses of whatever kind or nature, which USF & G might, for any cause, at any time, sustain or incur by reason of its having executed the bond. As security for its posting the bond, USF & G obtained from Gilchrist Machinery an irrevocable commercial letter of credit, dated April 19, 1985, no. 85–004, in the sum of $85,209.35, issued by Rankin County Bank. The letter of credit indicated that it was issued in connection with USF & G's issuing a bond or bonds as surety on behalf of Gilchrist Machinery as principal, in favor of Ross as obligee, and in connection with a lawsuit between Gilchrist Machinery and Ross for alleged unpaid attorney's fees and expenses.

USF & G obtained on April 24, 1985, a collateral agreement from Gilchrist Machinery indicating that the irrevocable letter of credit had been deposited with USF & G. In addition, USF & G obtained a corporate resolution and certificate from Gilchrist Machinery, dated May 2, 1985, pledging the Rankin County Bank letter of credit to USF & G.

Earlier, Gilchrist Machinery deposited with the Rankin County Bank certificate of deposit no. 0126539625/15517, dated April 19, 1985, in the amount of $83,465.88, to secure the issuance of the aforementioned letter of credit. In connection therewith, Gilchrist Machinery executed its promissory note in favor of Rankin County Bank in the principal sum of $85,209.35, which was due and payable on March 18, 1986. The certificate of deposit securing this note, i.e., no. 0126539625/15517, was contemporaneously assigned to Rankin County Bank. It remained in the bank's possession from April 19, 1985, until October 8, 1986. Evidencing this possession, Rankin County Bank issued its custody receipt, no. 10629, to Gilchrist Machinery.

4. On May 24, 1985, a final judgment was entered in the Chancery Court of the First Judicial District of Hinds County in favor of Ross, awarding a judgment against Gilchrist Machinery and USF & G, jointly and severally, in the sum of $71,-309.56, plus interest at the rate of 7% per annum accruing after February 7, 1985, as well as, all costs. This decision was appealed by Gilchrist Machinery and USF & G to the Mississippi Supreme Court.

5. On June 12, 1985, a corrected supersedeas bond was filed in the Chancery Court in the penal sum of $91,137.06, reflecting Gilchrist Machinery and USF & G as principals, and Reliance Insurance Company as surety. The corrected supersedeas bond was conditioned on Gilchrist Machinery and/or USF & G satisfying the aforementioned judgment of the Chancery Court, dated May 24, 1985.

6. On March 12, 1986, Gilchrist Machinery made application to Rankin County Bank to extend the aforementioned irrevocable letter of credit which was due to expire on March 18, 1986. As collateral for extending the letter of credit, Gilchrist Machinery agreed to deposit certificate of deposit no. 0126539626/19274, dated March 18, 1986, in the principal sum of $90,243.08, which was scheduled to mature on March 18, 1987. On this same date, Rankin County Bank extended letter of credit no. 85–004 from March 18, 1986, to March 18, 1987. The amount of the letter of credit remained in the sum of $85,209.35. In keeping with its application for an extension, Gilchrist Machinery assigned certificate of deposit no. 0126539626/19274 to Rankin County Bank. The Court observes that this assignment was executed by Robert A. Gilchrist without reference to the proper corporate name, Gilchrist Machinery. However, since Robert A. Gilchrist is

the president of Gilchrist Machinery, no great significance is attached to this minor technical deficiency.

In keeping with this arrangement, Gilchrist Machinery executed another promissory note and security agreement in favor of Rankin County Bank, dated March 18, 1986, in the original principal sum of $85,209.35, payable on March 18, 1987. The promissory note specifically indicated that it was secured by the assignment of certificate of deposit no. 0126539626/19274, in the amount of $90,243.08. This certificate of deposit was deposited with and remained in the possession of Rankin County Bank from this date until October 8, 1986. Evidencing this possession, Rankin County Bank issued its custody receipt, no. 11031, to Gilchrist Machinery.

According to the parties' stipulation, Rankin County Bank maintained continuous possession of both certificates of deposit pursuant to the terms of its notes, disclosure statements, and security agreements, dated April 19, 1985, and March 18, 1986, respectively.

7. The Mississippi Supreme Court in Cause No. 56,691 affirmed the earlier decision of the Chancery Court, but remanded the case to the Chancery Court for nominal adjustments of the original judgment. (*See, Gilchrist Machinery Co., Inc. v. Ross*, 493 So.2d 1288 (Miss.1986).) In keeping with the mandate of the Supreme Court, subsequent to the Chancery Court modifications, Gilchrist Machinery paid Ross the sum of $74,466.64 on October 8, 1986. Contemporaneously, because he was being paid in full, Ross executed a release and settlement agreement, releasing Gilchrist Machinery, USF & G, and Reliance Insurance Company from the judgment and bond obligations. In turn, USF & G released Gilchrist Machinery and Robert A. Gilchrist from the terms and provisions of the application for the judicial bond and the collateral agreement, as well as, released the irrevocable letter of credit and extension thereto issued by Rankin County Bank. Pursuant to notations appearing on the documentary exhibits, Rankin County Bank contemporaneously cancelled the irrevocable letter of credit, the extension thereof, and released the two certificates of deposit to Gilchrist Machinery.

The net effect of the payment to Ross and the related execution of the various releases resolved and settled all disputes between the parties existing at that time.

8. On October 31, 1986, Gilchrist Machinery filed a voluntary petition seeking relief under Chapter 11 of the Bankruptcy Code. On July 25, 1988, Gilchrist Machinery filed its complaint against Ross pursuant to 11 U.S.C. § 547(b), seeking the recovery of the $74,466.64, paid on October 8, 1986, as a preferential transfer.

9. As a result of this complaint, Ross filed his answer and affirmative defenses, as well as, a third party complaint against USF & G, Reliance Insurance Company, and A. Spencer Gilbert, III. Along with its answer and affirmative defenses, USF & G filed a third party complaint against Robert A. Gilchrist, resulting from his obligations to USF & G under the application for the judicial bond, the collateral agreement, etc.

Pursuant to a previous order of this Court, dated March 6, 1989, the third party complaint against the defendant, A. Spencer Gilbert, III, was dismissed pursuant to Rule 12(b)(6) and Rule 12(c), Federal Rules of Civil Procedure.

## III.

### CONCLUSIONS OF LAW

Gilchrist Machinery seeks to recover the payment of $74,692.66, made to Ross on October 8, 1986, as a voidable preference pursuant to 11 U.S.C. § 547(b). This Code section is set forth as follows:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between 90 days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title [11 USCS §§ 701 et seq.];

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title [11 USCS §§ 101 et seq.].

Ross, USF & G, and Reliance Insurance Company have all raised the affirmative defense that the payment to Ross was not a preference because Ross did not receive more than he would have received in a Chapter 7 liquidation bankruptcy case. See 11 U.S.C. § 547(b)(5). Insofar as this defense is concerned, the Court is of the opinion that because of the payment, Ross might well have gotten more than he would have received in a Chapter 7 case filed by Gilchrist Machinery. This presumes, of course, that the debtor is the only entity involved in this factual scenario. In reality, this is not the case because Ross also had recourse against USF & G and Reliance Insurance Company up to the sum of $91,137.06. USF & G, in turn, had recourse against Gilchrist Machinery and Robert A. Gilchrist as a result of their execution of the application for the judicial bond and the collateral agreement, as well as, the irrevocable letter of credit issued by Rankin County Bank. Rankin County Bank had recourse against Gilchrist Machinery as a result of the execution of the promissory notes and security agreements which were secured by the two certificates of deposit mentioned hereinabove. The two certificates of deposit, which were issued to Gilchrist Machinery, were delivered to the Rankin County Bank, perfecting the liens of the security agreements, and remained there until they were released when the payment was made to Ross on October 8, 1986.

Ross, USF & G, and Reliance Insurance Company have all raised the additional affirmative defense that the payment to Ross is excepted from avoidance as a preferential transfer pursuant to 11 U.S.C. § 547(c)(1), which provides as follows:

(c) the trustee may not avoid under this section a transfer—

(1) to the extent that such transfer was—

(A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and

(B) in fact a substantially contemporaneous exchange;

This exception to avoidance is obviously decisive in this proceeding. When Ross was paid the sum of $74,692.66 on October 8, 1986, he executed a release satisfying his claims against Gilchrist Machinery, USF & G, and Reliance Insurance Company. USF & G released Gilchrist Machinery and Robert A. Gilchrist from the collateral agreement, as well as, released Rankin County Bank from the obligation set forth in the letter of credit, extended on March 18, 1986, in the sum of $85,209.35. When relieved of this obligation, Rankin County Bank satisfied the promissory notes and security agreements executed by Gilchrist Machinery and released the two certificates of deposit owned by Gilchrist Machinery in the respective sums of $83,465.88 (certificate of deposit no. 0126539625/15517) and $90,243.08 (certificate of deposit no. 0126539626/19274). The payment to Ross coupled with his contemporaneous execution of the release to Gilchrist Machinery and USF & G, which triggered all of the other releases, constitutes a contemporaneous exchange for new value given to the debtor, i.e., the release of the two certificates of deposit. The payment to Ross, therefore, falls squarely within the ambit of 11 U.S.C. § 547(c)(1) and is excepted from avoidance as a preferential transfer.

The complaint filed by Gilchrist Machinery against Ross is not well taken and will

be dismissed with prejudice. Likewise, the third party complaint of Ross against USF & G and Reliance Insurance Company will be dismissed, as will the third party complaint filed by USF & G against Robert A. Gilchrist.

A separate judgment will be entered by the Court consistent with this opinion dismissing this adversary proceeding in its entirety in keeping with Rule 9021, Rules of Bankruptcy Procedure, and Rule 58, Federal Rules of Civil Procedure.